

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert W. Gettleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | **04 C 69** | **DATE** | May 13, 2004 |
| **CASE TITLE** | Ice Consultants US | v | Microvoice Applications, Inc. |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Hearing

(5) ☐ Status hearing

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]

Memorandum opinion and order entered. Accordingly, defendant's motion to dismiss is denied and the case is transferred to the U.S.D.C. for the District of Minnesota at Minneapolis.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | number of notices | | | **Document Number** |
|---|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | | | |
| | No notices required. | | | | | |
| X | Notices mailed by judge's staff. | | **MAY 1 7 2004** | | | |
| | Notified counsel by telephone. | | date docketed | | | |
| X | Docketing to mail notices. | | | | | |
| | Mail AO 450 form. | | docketing deputy initials | | | |
| | Copy to judge/magistrate judge. | | | | | |
| GDS | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice | | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**DOCKETED**

**MAY 17 2004**

ICE CONSULTANTS US, INC., an Illinois )
corporation, and 1437208 ONTARIO, INC., d/b/a )
INO Media, a foreign corporation, )
                                        )
         Plaintiffs, )
                                          )     No.    04 C 0069
   v. )
                                          )     Judge Robert W. Gettleman
MICROVOICE APPLICATIONS, INC., a )
Minnesota corporation, )
                                          )
         Defendant. )

## MEMORANDUM OPINION AND ORDER

Plaintiffs Ice Consultants US, Inc. and 1437208 Ontario, Inc. d/b/a INO Media sued

defendant Microvoice Applications, Inc. in the Circuit Court of Cook County, Illinois, alleging

breach of contract and violations of the Illinois Consumer Fraud Act. Defendant removed the

action to this court pursuant to 28 U.S.C. § 1441 and has moved to dismiss for lack of personnel

jurisdiction. For the reasons set for below, the motion to dismiss is denied, but the case is

transferred to the United States District Court for the District of Minnesota at Minneapolis.

## BACKGROUND

Plaintiff ICE is an Illinois corporation incorporated in 1995 and maintaining its principal

place of business in Chicago, Illinois from 1995 through 1998. After 1998 plaintiff had no office

in Illinois, no permanent employees anywhere, but maintained a bank account at Harris Bank in

Chicago. Plaintiff provides various telephonic entertainment services to its customers.

Defendant Microvoice is a Minnesota corporation with its principal place of business in Minneapolis. Defendant is a software company that provides a variety of services and products relating to interactive voice function. In particular, defendant is a reseller of "800" and "900" number services.

Plaintiff alleges that on January 15, 2001, almost three years after closing its Illinois office, it entered into a contract with defendant for the provision of "900" service. The contract, which is attached to the complaint, however, is between defendant and ICE Consultants, Inc., a Canadian corporation with its principal place of business in Toronto, Canada. That agreement indicates that it becomes valid upon acceptance by defendant at its corporate office in Minneapolis, Minnesota, and that it is to be governed by the laws of the State of Minnesota. On September 17, 2001, those same parties entered into another agreement consolidating services and modifying the January 15, 2000, agreement to replace AT&T with MCI as the carrier for the "900" services. Finally, on November 7, 2001, the same parties entered into a third agreement terminating the previous agreement. Copies of all three agreements are attached to the complaint. None of the agreements list plaintiff as a party.

## DISCUSSION

Defendant has moved to dismiss for lack of personal jurisdiction, arguing that: (1) it has insufficient minimum contacts with the State of Illinois to be subject to suit here; and (2) it is not doing or transacting business in the state nor has it had continuous and systematic contact with the state. Plaintiff has the burden of "providing sufficient evidence to establish a prima facie case of jurisdiction. The allegations in [its] complaint are to be taken as true unless controverted

by the [defendant's] affidavit; and any conflicts in the affidavits are to be resolved in [plaintiff's] favor." Turnock v. Cope, 816 F.2d 332, 333 (7th Cir. 1987).

In a diversity action, this court may exercise personal jurisdiction over defendant, a non-resident, non-consenting party, only if an Illinois state court would have jurisdiction over that party. McIlwee v. ADM Industries, Inc., 17 F.3d 222, 223 (7th Cir. 1994). An Illinois state court would have jurisdiction if jurisdiction comports with the Illinois and the United States Constitutions. See RAR, Inc. v. Turner Diesel, Ltd., 107 F.3d 1272, 1276 (7th Cir. 1997).[1]

To comply with the Illinois Constitution, or more specifically, Illinois due process, "jurisdiction is to be asserted only when it is fair, just, and reasonable to require a non-resident defendant to defend an action in Illinois, considering the quality and nature of the defendant's acts which occur in Illinois or which affect interest located in Illinois." Rollins v. Elwood, 141 Ill. 2d 244, 275 (1980). Aside from that statement in Rollins, however, the Illinois Supreme Court has given little or no guidance as to the limits on jurisdiction imposed by the state due process clause, and the Seventh Circuit has found nothing in Illinois law to suggest that in the instant type of case the limits of due process would be different at the state and federal levels. Hyatt International Corp. v. Coco, 302 F.3d 707, 715-16 (7th Cir. 2002). Accordingly, the court concludes that an analysis of jurisdiction under the Fourteenth Amendment Due Process Clause is sufficient to determine whether the court can exercise personal jurisdiction over defendant.

---

[1] Jurisdiction must also comport with the Illinois Long Arm Statute. Because, however, that statute grants jurisdiction on any basis permitted by the Illinois or United States Constitutions, the three inquiries collapse into two constitutional inquiries -- one state and one federal. RAR, 107 F.3d at 1276.

3

Under the Fourteenth Amendment Due Process Clause, an Illinois court may exercise personal jurisdiction over a non-resident defendant only if the defendant has certain minimum contacts with the forum state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. International Shoe Co. v. Washington, 326 U.S. 310 (1945). These contacts must not be fortuitous, but rather the defendant must have purposely established minimum contacts within the forum state before personal jurisdiction will be found to be fair and reasonable. Burger King Corporation v. Rudzewicz, 471 U.S. 462, 476 (1985). "Crucial to the minimum contact analysis is a showing that the defendant should reasonably anticipate being haled into court [in the forum state] because the defendant has purposely availed itself of the privilege of conducting activities there." Hyatt, 302 F.3d at 716 (internal quotations and citations omitted).

The meaning of this standard depends on whether the state asserts "general" or "specific" jurisdiction. See RAR, 107 F.3d at 1277. General jurisdiction refers to jurisdiction over a defendant that has "continuous and systematic general business contacts" with the forum state. Helicopteros Nacionalas de Columbia v. Hall, 466 U.S. 408, 416 (1984). If such contacts exist, the court may exercise personal jurisdiction over the defendant even in cases that do not arise out of or are not related to the defendant's forum contacts. Specific jurisdiction, in contrast, is a more limited assertion of state power in which personal jurisdiction exists only for controversies that arise out of or are related to the defendant's forum contacts. Hyatt, 302 F.3d at 713. Plaintiff argues for the assertion of both specific and general jurisdiction.

Plaintiff is obviously incorrect with respect to specific jurisdiction. Even if plaintiff were a party to the contract at issue (which the documents belie), it is undisputed that the contract was

4

negotiated via telephone calls from defendant in Minneapolis to plaintiff's principal, Evan Wright of ICE Consultants, Inc. in Toronto, Canada. The documents were executed in Toronto and Minneapolis and indicate that they became valid upon execution by defendant in its Minneapolis, Minnesota corporate office. Defendant performed in its Minnesota offices, and sent its reports, as required by plaintiff, to ICE Consultants in Toronto. Plaintiff argues that specific jurisdiction is proper because it is an Illinois corporation and that defendant wired payments to Harris Bank in Chicago. Even if plaintiff is an Illinois corporation and was a party to the contract in question, and even if plaintiff maintains computer and telecommunications equipment in Chicago as it asserts, it is not plaintiff's, but defendant's contacts with Illinois that are relevant to the inquiry. Entering into a contract with an Illinois company, even if the Illinois company performs in Illinois, is insufficient to establish specific jurisdiction over a defendant. See <u>Cherry Communications, Inc. v. Coastal Telephone Co.</u>, 906 F. Supp. 452, 455 (N.D. Ill. 1995). Accordingly, because the instant dispute does not arise out of or relate to any contact of defendant with Illinois, the court lacks specific jurisdiction over defendant.

General jurisdiction is a closer question. In addition to the type of services provided by defendant to plaintiff, defendant also maintains an interactive website called "RelationshipNetwork.com," which allows individuals to choose a user name and password and set up a profile similar to a "personal" advertisement, complete with a photograph. Anyone can join RelationshipNetwork.com for free and then view all the listed personal ads. If one wants to respond to an ad, however, the person must pay a fee to defendant. Because RelationshipNetwork.com has approximately 500 Illinois residents in its member database,

plaintiff argues that defendant has sufficient continuous and systematic activity within Illinois to subject it to general jurisdiction.

The issue of whether maintenance of an internet website constitutes personal jurisdiction has been a subject of much litigation. Courts generally follow the sliding scale approach set out in Zippo Mfg. Co. v. Zippo Dot Com, Inc., 952 F. Supp. 1119, 1124 (W.D. Pa. 1997). Under this scale, jurisdiction is proper if the defendant enters into contracts with residents of a foreign jurisdiction through an interactive website. Id. Because defendant clearly enters contracts through its website with Illinois residents, and receives commercial gain as a result, plaintiff argues that jurisdiction exists. Zippo, however, was a specific jurisdiction case, while in the instant case plaintiff's claim does not arise out of defendant's contacts with Illinois through its RelationshipNetwork.com. Whether those contacts, which defendant argues are minimal compared to its overall business, are sufficient to create general jurisdiction is a difficult issue that the court need not address, for even if the court has jurisdiction, in the interests of justice the court would transfer the case to the United States District Court for the District of Minnesota at Minneapolis.

There is simply no reason for this case to be heard in the Northern District of Illinois. Plaintiff no longer has a presence here. There are no witnesses here. The contract at issue was negotiated in Canada and Minnesota and is to be interpreted under Minnesota law. Moreover, even if the court has jurisdiction, venue would not be proper under 28 U.S.C. § 1391. Under the circumstances, transfer is appropriate under both 28 U.S.C. § 1404 and/or § 1406. See Cherry, 906 F. Supp. at 455 n. 4; Danuloff v. Color Center, 1993 WL 738578 (E.D. Mich. 1993) ("The interest of justice is served when a case is transferred from a forum where there is a difficult

6

question of personal jurisdiction into a district in which personal jurisdiction is clearly established").

## CONCLUSION

For the reasons set forth above, defendant's motion to dismiss is denied and the case is transferred to the United States District Court for the District of Minnesota at Minneapolis.

**ENTER:**     May 13, 2004

Robert W. Gettleman
United States District Judge